UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA WILLIAMS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>WYNDHAM VACATION OWNERSHIP, et al.,<br><br>　　　　　Defendants. | Case No.  13-cv-05088-WHO<br><br>**ORDER ON MOTION TO REMAND**<br><br>Re: Dkt. Nos. 7, 16, 20 |

　　　　Plaintiffs Patricia Williams and Steve Gutfield are former employees of defendants Wyndham Worldwide Corporation and Wyndham Vacation Ownership (together, "Wyndham"). Plaintiffs' First Amended Complaint ("FAC") alleges that they were wrongfully terminated because they reported illegal business practices in Wyndham's San Francisco office and asserts causes of action against Wyndham for wrongful termination in violation of public policy, violation of California Labor Code section 1102.5, unfair competition in violation of California Business and Professions Code section 172000, and negligent hiring, supervision, and retention of unfit employees. Dkt. No. 1, Ex. A. Relevant here, plaintiffs allege two other causes of action against Wyndham and two of its employees, Anita Howell and Linda Tanner (together, "defendants"), for defamation and fraud.

　　　　Plaintiffs filed a Motion to Remand the case to the Superior Court of California, San Francisco County, alleging that this Court lacks jurisdiction because there is not complete diversity of citizenship between the plaintiffs and defendants. Dkt. No. 16. Defendants have filed motions to dismiss. Dkt. Nos. 7, 20. For the reasons below, the Motion to Remand is GRANTED and the motions to dismiss are DENIED as moot.[1]

---

[1] The parties' stipulation to continue the case management conference scheduled on February 5, 2014, Dkt. No. 46, is also denied as moot in light of the remand.

# FACTUAL BACKGROUND[2]

Plaintiffs allege that Wyndham is a corporation that sells, finances, and manages timeshares throughout the United States. FAC ¶ 3. Wyndham's San Francisco office purportedly trains its employees to intentionally mislead customers about the terms of their time share contracts to increase sales. FAC ¶¶ 19, 22. According to plaintiffs, Wyndham targeted their practices at senior citizens because they were perceived as vulnerable. FAC ¶¶ 17-19. For example, Wyndham representatives allegedly "falsely represented that they were going to be reducing the monthly payments for owners or that maintenance fees would be 'capped,' when in fact such payments were actually being deferred or they were subject to increases." FAC ¶ 17. Wyndham representatives also persuaded customers to upgrade to the "Presidential Reserve Level" by advising them that they could enroll in a "guaranteed buy-back" program, even though no such program existed, and enrolled customers in a "Bill-Me-Later" program without disclosing that the program would make them ineligible for a refund. FAC ¶ 17. Defendant Anita Howell, a member services representative in the San Francisco office, allegedly committed credit card fraud by persuading elderly customers to sign documents to "renegotiate" their loans, but these documents were allegedly credit applications that allowed Howell to bill customers for additional timeshare interests without their knowledge. FAC ¶¶ 15, 18, 23. Wyndham also allowed sales representatives to sell timeshares without a license. FAC ¶ 17.

Plaintiff Patricia Williams worked as a member service representative in Wyndham's Virginia office from August 2007 until she transferred to the San Francisco office in July 2010. FAC ¶¶ 14-15. Plaintiffs assert that Williams was encouraged to engage in the sales practices described above, but she refused. FAC ¶ 20. She made two formal complaints to Wyndham's corporate headquarters and verbally reported the practices to Wyndham managers, including an administrative operations manager, human resources personnel, the vice president of the San

---

[2] Plaintiffs have requested leave to amend their complaint and request that the Court consider the allegations in the proposed second amended complaint in deciding the Motion to Remand. Dkt. No. 40 at 4. However, "[w]hether an action should be remanded must be resolved by reference to the complaint at the time the petition for removal was filed." *Kruso v. I.T.T.*, 872 F.2d 1416, 1426 n. 12 (9th Cir.1989) (citations omitted). The Court therefore confines its review to the facts alleged in the FAC.

Francisco office, and Wyndham's director of sales. FAC ¶¶ 21, 24, 33. When Williams complained to the Director of Sales about Anita Howell's conduct, she was told to "keep your mouth shut or you will be fired." FAC ¶ 33. On October 30, 2010, Williams organized a meeting with other member services representatives who plaintiffs allege also refused to engage in the allegedly unethical conduct in order to discuss how to expose and stop it. FAC ¶¶ 28, 30.

Plaintiffs assert that Wyndham assigned plaintiff Steve Gutfield, a human resources manager in the Wyndham San Francisco office, to investigate Williams' meetings with her co-workers and other allegedly "insubordinate conduct" by Williams. FAC ¶ 30, 36. Williams told Gutfield her concerns about the sales practices. FAC ¶ 31. Gutfield investigated, and determined that there was merit to her complaints, particularly the concerns about credit card fraud. FAC ¶ 36-37. Gutfield reported his findings to Wyndham managers. FAC ¶ 36. They told him "that Ms. Williams was a 'cancer' or a 'trouble maker'" and instructed him to stop the investigation. FAC ¶ 36-37. Gutfield refused to stop his investigation. FAC ¶ 37.

Williams was terminated on December 8, 2010, and Gutfield was terminated in March 2011. FAC ¶¶ 35, 37. They allege that they were terminated in retaliation for "standing up for the rights of other employees and for opposing the fraudulent sales practices by Anita Howell and other sales associates." FAC ¶ 37. *See also* FAC ¶ 35.

## PROCEDURAL BACKGROUND

Plaintiffs filed this case on November 16, 2012 in the Superior Court of California, County of San Francisco. Plaintiffs filed the FAC on January 25, 2013. Defendants filed an Answer on October 30, 2013, and removed the case on October 31, 2013. Dkt. No. 1. Wyndham filed a Motion to Dismiss on November 7, 2013. Dkt. No. 7.[3] Plaintiffs filed a Motion to Remand on November 21, 2013. Dkt. No. 16. Defendant Linda Tanner filed a Motion to Dismiss on November 26, 2013. Dkt. No. 20.

## LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a

---

[3] Wyndham Worldwide Corporation filed the Motion to Dismiss, in which Wyndham Vacation Ownership joined. Dkt. Nos. 12, 25.

3

state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction lies with the party asserting it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

**DISCUSSION**

**I.   FRAUDULENT JOINDER**

Plaintiffs argue that removal was improper and this action must be remanded because complete diversity of citizenship does not exist. Dkt. No. 16. Plaintiff Patricia Williams and defendant Anita Howell are both citizens of Virginia. FAC ¶¶ 2, 5. Plaintiff Steve Gutfield and defendant Linda Tanner are both citizens of California. FAC ¶¶ 2, 6. These facts establish that there is no diversity jurisdiction. However, Wyndham argues that Howell and Tanner must be ignored for diversity jurisdiction purposes because they were fraudulently joined for the sole purpose of defeating diversity of citizenship. Dkt. No. 35.

"A district court may disregard a non-diverse party named in the state court complaint and retain federal jurisdiction if the non-diverse party is joined as a sham or if the joinder is fraudulent." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citation omitted). Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

That said, there is a "general presumption against fraudulent joinder," and defendants who assert that a party is fraudulently joined carry a "heavy burden." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009). Defendants must "show that the individuals joined in the action cannot be liable on any theory," *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998),

4

1   and that "there is no possibility that the plaintiff will be able to establish a cause of action in state

2   court against the alleged sham defendant," *Good v. Prudential Insurance Company of America*, 5

3   F. Supp. 2d 804, 807 (N.D. Cal. 1998). "All doubts concerning the sufficiency of a cause of

4   action because of inartful, ambiguous or technically defective pleading must be resolved in favor

5   of remand." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992). *See also Albi v. Street &*

6   *Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944) ("[W]here it is doubtful whether the complaint

7   states a cause of action against the resident defendant, the doubt is ordinarily resolved in favor of

8   the retention of the case in state court. A merely defective statement of the plaintiff's action does

9   not warrant removal . . . It is only where the plaintiff has not, in fact, a cause of action against the

10  resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order

11  to evade the jurisdiction of the federal court, that the joinder cannot be said to be fraudulent").

12  Plaintiffs assert two causes of action against Howell and Tanner: defamation and fraud.

13  Dkt. No. 1, Ex. A at 17-18, 19-20. To prove fraudulent joinder, Wyndham must establish that,

14  under settled California law, it is obvious that plaintiffs could not possibly recover against Howell

15  and Tanner.[4] *McCabe v. General Foods Corp.*, 811 F.2d at 1339.

### II. HOWELL AND TANNER ARE NOT FRAUDULENTLY JOINED BECAUSE PLAINTIFFS HAVE ALLEGED A POSSIBLE CAUSE OF ACTION FOR DEFAMATION

18  Under California law, "[t]he tort of defamation involves (a) a publication that is (b) false,

19  (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes

20  special damage." *Taus v. Loftus,* 151 P.3d 1185, 1209 (2007) (citations omitted). "[E]ach time

21  the defamatory statement is communicated to a third person who understands its defamatory

22  meaning as applied to the plaintiff, the statement is said to have been 'published,' . . . Each

23  publication ordinarily gives rise to a new cause of action for defamation." *Shively v. Bozanich*, 80

24  P.3d 676, 683 (2003).

---

[4] Because defendants fail to establish fraudulent joinder with respect to the Third Cause of Action for defamation, the Court will not address the Fifth Cause of Action for fraud. "[Plaintiffs] need only state one valid claim for purposes of this motion." *McDonald v. Forest Labs., Inc.*, 13-CV-00819 YGR, 2013 WL 1949349 (N.D. Cal. May 9, 2013).

5

The FAC's pertinent allegations regarding defamation are:

> Defendants or their agents or employees have made false statements to persons other than the Plaintiff regarding Plaintiff's work performance by suggesting that his work was substandard and a basis for termination. In addition, Defendants or their agents or employees made false statements indicating that Plaintiffs had engaged in illegal conduct with respect to their sales, ironically the very conduct about which Plaintiffs were complaining, and were not selling or performing to company standards. These statements were used as a basis for Plaintiffs' terminations, and therefore they were made within a year to the filing of this complaint, in addition to numerous times following Plaintiffs' terminations of which they are aware . . . The persons to whom these statements were made understood them to be negative statements about Plaintiffs' work performance, including but not limited to that they did not perform their work properly. In addition, these persons understood the comments to suggest that Plaintiffs had engaged in illegal conduct . . . Plaintiffs suffered and continues [sic] to suffer harm to their reputations.

FAC ¶¶ 69-72.

Defendants contend that the Plaintiffs have failed to state a cause of action for defamation because they do not "allege or identify the nature, context, location, date, or circumstances" of any defamatory statements, and "such conclusory allegations are insufficient to state a defamation claim." Dkt. No 35 at 6. These are insufficient reasons to support removal. "The mere failure to state a claim is not sufficient to invoke fraudulent joinder or nominal party status." *Newman v. Select Portfolio Servicing, Inc.*, C-13-03685 JSC, 2013 WL 5708200 (N.D. Cal. Oct. 21, 2013).

Defendants misunderstand their "heavy burden" to show that Howell and Tanner were fraudulently joined by relying on *Jones v. Thyssenkrupp Elevator Corp.*, No. 05-3539 EMC, 2006 WL 680553 (N.D. Cal. Mar. 14, 2006), where the court granted a motion to dismiss a claim for defamation with leave to amend. The standard the Court must apply here is vastly different than on a motion to dismiss. Assuming, without deciding, that defendants are correct on the deficiencies in plaintiffs' defamation cause of action, that does not establish that there is "no possibility" the plaintiffs would be able to adequately plead it if given leave to amend. *Good*, 5 F. Supp. 2d at 807. "[M]erely showing that an action is likely to be dismissed as against the purported sham defendant does not demonstrate fraudulent joinder." *Cont'l Ins. Co. v. Foss Mar. Co.*, No. 02-3936 MJJ, 2002 WL 31414315 at *6 (N.D. Cal. Oct. 23, 2002) (citations omitted). The Court has to decide whether it has jurisdiction first, not whether plaintiffs have stated a claim.

6

Where "there exists a non-fanciful possibility that Plaintiff can state a claim under California law against the non-diverse defendant, the Court must remand this case to state court." *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002).

The FAC alleges that "Defendants" (which includes Howell and Tanner) made false statements that the plaintiffs engaged in illegal conduct and performed substandard work, harming their reputations and causing their terminations. FAC ¶¶ 69-72. Similar facts have supported valid defamation claims in other cases. *See, e.g., Kelly v. Gen. Tel. Co.*, 186 Cal. Rptr. 184 (Cal. Ct. App. 1982) (statement that employee falsified invoices was slanderous per se because it accused plaintiff of illegal conduct); *Gould v. Maryland Sound Indus., Inc.*, 37 Cal. Rptr. 2d 718, 727 (Cal. Ct. App. 1995) (supervisor's statement accusing plaintiff of incompetence supported cause of action for defamation).[5] Because there is a possibility that the FAC's allegations, if established as true, could support a defamation claim under California law, Howell and Tanner are not fraudulently joined.

The defendants have not met their burden of showing that there is no possibility that Plaintiffs could amend their complaint to state a claim. "The removing party must negate every possible scenario within the ambit of a well-pled claim." *Newman*, 2013 WL 5708200 at *3 (N.D. Cal. Oct. 21, 2013) (citation omitted). "Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Rieger v. Wells Fargo Bank*, No. 13-0749-JSC, 2013 WL 1748045 at *3 (citation omitted). *See also Suelen v. Wells Fargo Bank, N.A*., No. 13-002 MEJ, 2013 WL 1320697, at *4 (N.D. Cal. Apr.1, 2013) ("even if [plaintiff's] allegations do not meet the necessary pleading

---

[5] In contrast, in cases where courts have found fraudulent joinder the plaintiff's causes of action tend to be facially barred. *See, e.g., Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998) (defendants fraudulently joined where statute of limitations barred cause of action against them); *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1427 (9th Cir. 1989) (plaintiffs lacked standing to bring claims against defendants); *McCabe v. Gen. Foods Corp*., 811 F.2d 1336, 1339 (9th Cir. 1987) (discharged employee failed to state cause of action against supervisors in their individual capacity, and thus their joinder to employer as defendants was a sham); *Good v. Prudential Ins. Co. of Am*., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (insurance agent sued for fraud and negligent misrepresentations fraudulently joined because, under California law, insurance agent is not liable to insured for acts within scope of agency).

requirements now, Defendants have not shown, as they must, that she could not re-allege at least one of them to do so."); *Burris v. AT & T Wireless, Inc.*, No. 06-02904 JSW, 2006 WL 2038040 at *2 (N.D. Cal. July 19, 2006) (motion to remand granted where defendant failed to demonstrate that the plaintiff would not be given leave to amend to cure pleading deficiency regarding alleged sham defendant).

Consequently, the defendants have not shown that it is "obvious" that the Plaintiffs could not allege a defamation claim against defendants Howell and Tanner, and therefore they have failed to "overcome the strong presumption against removal jurisdiction." *Gaus*, 980 F.2d at 566. Accordingly, Howell and Tanner are not fraudulently joined and their citizenship cannot be disregarded for purposes of diversity jurisdiction. Diversity jurisdiction did not exist at the time of removal and removal was improper. This case must be remanded to state court.

## CONCLUSION

For the reasons above, plaintiffs' Motion to Remand is GRANTED and the defendants' pending motions to dismiss are DENIED as moot. The Clerk shall vacate all deadlines and hearings and REMAND this case to San Francisco County Superior Court.

**IT IS SO ORDERED**.

Dated: January 31, 2014

WILLIAM H. ORRICK
United States District Judge

8